# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KEVIN MICHAEL BOON-BEY,

                    Plaintiff,

v.                                                                    Case No. 19-CV-1006-JPS

MICHAEL J. HANRAHAN and
MATTHEW J. TORBENSON,                                   **ORDER**

                    Defendants.

---

The plaintiff, Kevin Michael Boon-Bey ("Boon-Bey"), filed a complaint against Defendants Michael Hanrahan, a Milwaukee County Circuit Court judge ("Hanrahan"), and Matthew Torbenson ("Torbenson"), a Milwaukee County prosecutor, alleging there are jurisdictional defects in a state criminal case in which he is the defendant and asking this Court to step in and stop it. (Docket #1); *see also* State of Wisconsin v. Kevin Michael Boon, Case No. 2018CF5908 (Milwaukee County Circuit Court). Hanrahan is the presiding judge in that case and Torbenson is the prosecutor.

The state criminal action was tried to a jury between July 23 and July 30, 2019. The jury returned a verdict on July 31, 2019, finding Boon-Bey guilty, as a party to a crime, of: (1) causing mental harm to a child, (2) chronic neglect of a child, consequence is emotional damage, and (3) false imprisonment. On September 6, 2019, Boon-Bey was sentenced to a total term of eleven years, with six years' initial confinement and five years' extended supervision.

In this case, Boon-Bey alleges that the state court does not have jurisdiction over the criminal case against him because he is a tribal member

of the Choctaw Musgokee Yamassee Nation. (Docket #1 at 3). He alleges that his "entanglements with the state courts of Wisconsin originate from untrue claims made by his medically diagnosed troubled teenage daughter, a minor child," and because the daughter is eligible for tribal membership, his criminal case must be addressed by the tribal court under the Indian Child Welfare Act ("ICWA"). *Id.* at 4; *see also* 25 U.S.C. § 1901 *et seq.*[1] He asks that this Court stop the prosecution of the state criminal case in Milwaukee County and transfer it to the Choctaw Musgokee Yamassee Nation Tribal Court. *Id.* at 5–6. In addition, he seeks the return of "all property" and a "payment yet to be determined by federal statute." *Id.* at 16.

In a supplement to his complaint, Boon-Bey alleges that he was convicted and taken into custody by the Milwaukee County Sheriff in violation of Rule 21 of the Federal Rules of Criminal Procedure. (Docket #4 at 1). He asks "as a victim in the lower court" that this Court void the judgment of the state court (pursuant to federal Rule 60), to release him from detention until this federal case is decided, and to stay both the state criminal court case and a related state juvenile proceeding. *Id.* at 2.

On August 16, 2019, Hanrahan and Torbenson moved to dismiss this action on the grounds of abstention, Eleventh Amendment immunity,

---

[1] Boon-Bey may be referring to the portion of the ICWA relating to child custody proceedings, which provides that "[i]n any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon petition of either parent or the Indian custodian or the Indian child's tribe; provided, that such transfer shall be subject to declination by the tribal court of such tribe." 25 U.S.C. § 1911(b).

judicial immunity, prosecutorial immunity, qualified immunity, and failure to state a claim upon which relief can be granted. (Docket #6).

On August 30, 2019, Boon-Bey filed a document he titled "Judicial Notice." (Docket #10). It does not respond in any way to the arguments the defendants made in support of their motion to dismiss. Instead, it identifies Boon-Bey as

> a living Man, 'within' and of the House of El's, Bey's and Ali's with dominion over the land/soil (Amexem/America), a non-resident Alien to the Corporate United States, an Indigenous Choctaw/Washitaw Muur/Moor (Moorish American National), an Asiatic Man of the Asiatic Race, an original Natural Physical Man, a Creation of the Almighty God's (Allah), Under the Almighty God's (Elohim/Allah) Authority and subject only to his laws.

*Id.* at 1. Boon-Bey's filing also includes copies of various documents filed in Milwaukee County Circuit Court that he titled "Affidavit of Status," each repeating the same nonsensical text recounted above. (Docket #10-1).

The Court will not engage with Boon-Bey's gibberish. Nothing in his filing gives the Court a reason to disagree with the arguments made and authorities cited by the defendants in support of their motion to dismiss. Because the defendants' motion is essentially unopposed, and because the Court agrees with each ground for dismissal stated in their motion (including failure to state a claim), the Court will grant the defendants' motion. Finally, because allowing Boon-Bey to amend his complaint—something for which he did not ask—would be futile, the Court will dismiss this case in its entirety.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss (Docket #6) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge